IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

SUSAN KOHN,                                  )
                                             )
              Plaintiff,                     )
                                             )
       -vs-                                  )   No. 14-2214
                                             )
EASTERN ILLINOIS UNIVERSITY,                 )
AMY CALVERT, WILLIE D. BLACK,                )
WILLIAM L. PERRY and DANIEL P. NADLER,       )
                                             )
              Defendants.                    )

## COMPLAINT

### JURISDICTIONAL STATEMENT

Plaintiff is a former employee of Eastern Illinois University. Plaintiff's civil rights were violated in contravention of 42 U.S.C. §1983 because the Defendants deprived her of a property interest in her job with the University when they fired her without proper due process under the law and deprived her of a liberty interest in that they defamed her or sullied her professional reputation without a proper hearing.

This action arises under the Fourteenth amendment to the United States Constitution and 42 U.S.C. §1983. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a).

### PARTIES

1. The Plaintiff, SUSAN KOHN, was employed as the Associate Director of Dining for Eastern Illinois University.

2. Amy Calvert. Ms. Calvert is the employee labor relations person at Eastern Illinois University. She is the person who communicated the initial findings to Ms. Kohn.

3. Willie D. Black is the assistant director and deputy title 9 coordinator at Eastern Illinois

University.

4. William L. Perry is the President of Eastern Illinois University.

5. Daniel P. Nadler, Vice-President of Student Affairs, Eastern Illinois University.

## COUNT I

6. That shortly before August 29, 2012 the Plaintiff was advised by Defendant Amy Calvert that certain allegations had been made against her concerning what were alleged to be improprieties in the work place. Plaintiff categorically denied, in writing, those charges.

7. That thereafter an investigation was undertaken by Defendant Willie Black. Mr. Black notified Plaintiff that she would not be able to conduct her own investigation, that she could not contact the alleged complainants, that she would not have the right to confront or cross-examine those people who were testifying against her. After his ex parte investigation was done, Mr. Black issued a report, a copy of which is attached hereto as EXHIBIT A.

8. That thereafter, the Defendant William Perry notified Plaintiff that based upon the findings of Mr. Black, which were not allowed to be challenged by Plaintiff, termination proceedings would be begun against Plaintiff. During the termination proceedings, Plaintiff was never allowed to confront or cross-examine those people who complained against her, was never allowed to have counsel participate other than stand by as a support person and was otherwise denied fundamental fairness and due process.

9. That ultimately, Defendant William Perry notified Plaintiff that she was terminated but that she had a right to have that decision reviewed by Dr. Daniel Nadler. Ms. Kohn accepted that invitation and met with Dr. Nadler. She was not allowed to have counsel make any presentation, she was not allowed to call or confront witnesses, and was allowed only to make a statement. On or about April 3, 2013, Defendant Nadler notified the Plaintiff that she was terminated.

10. That the Plaintiff, Susan Kohn, had a property interest in her continued employment in that the Defendant, Eastern Illinois University, was not entirely free to discharge her without following rules and regulations for the discharge of public employees.

11. That the Plaintiff had a liberty interest in her reputation and was entitled to a name clearing hearing with full procedural due process rights in light of the derogatory allegations made by the Defendants against Plaintiff.

12. That Plaintiff's property rights and liberty interests were taken without due process of law in that none of the alleged hearings comport with the concept of fundamental fairness or due process in that she was not allowed to call and confront witnesses, she was not allowed to have counsel actually represent her, she was not allowed to make any investigation or inquiry as to potential witnesses, and was not allowed to confront or cross-examine any of said witnesses.

WHEREFORE, Plaintiff prays judgment against the Defendant in a sum in excess of ONE MILLION DOLLARS ($1,000,000.00) together with costs of this action.

## COUNT II - INJUNCTIVE RELIEF

13. That the procedures followed are contained in an employee manual or rules and regulations manual and employed by the University.

14. That said rules and regulations on their face violate the due process rights of current and former employees.

15. That unless enjoined, the Defendant will continue to employ such Constitutionally deficient procedures to the detriment of other employees.

WHEREFORE, Plaintiff prays that this Court enter an injunction ordering that the University cease and desist from the use of the Unconstitutional regulations and guiedlines.

SUSAN KOHN, Plaintiff

By   /s/ H. Kent Heller
Of Heller, Holmes & Associates, P.C.
Her Attorneys

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands trial by jury in this action for all issues so triable.

SUSAN KOHN, Plaintiff

By   /s/ H. Kent Heller
Of Heller, Holmes & Associates, P.C.
Her Attorneys

H. KENT HELLER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway Avenue
PO Box 889
Mattoon IL 61938
Phone: 217-235-2700
Fax: 217-235-0743
c:susan kohn 18257 5.29.14 complaint